# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**RITA F. RIKER,**
**Claimant Below, Petitioner**

**FILED**

December 6, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0051** (BOR Appeal No. 2053210)
(Claim No. 2017024599)

**BELJIM, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rita F. Riker, by Counsel Patrick K Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Beljim, Inc., by Counsel H. Dill Battle III, filed a timely response.

The issue on appeal is reopening of the claim for temporary total disability benefits. The claims administrator denied a reopening of the claim for temporary total disability benefits on November 13, 2017. The Office of Judges affirmed the decision in its July 12, 2018, Order. The Order was affirmed by the Board of Review on December 27, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Riker, a waitress and cashier, was injured in the course of her employment on April 10, 2017, when she fell off of a milk crate. The Employees' and Physicians' Report of Injury indicates Ms. Riker sustained a lower back strain and sciatica. Ms. Riker sought treatment that day from Benjamin Mack, M.D., who diagnosed sciatica with acute low back pain. A lumbar x-ray was normal and a thoracic x-ray showed mild degenerative changes. A second Employees' and Physicians' Report of Injury was completed on April 11, 2017, and indicates Ms. Riker was diagnosed with neck and lumbar sprains as well as a contusion to the head. She was to remain off of work from April 11, 2017, through April 17, 2017.

1

Allen Young, M.D., saw Ms. Riker on April 11, 2017, and noted that she had no significant history of lumbar or cervical spine problems. She had not worked since the day before because the employer did not offer modified duty. Dr. Young assessed back contusion, lumbar sprain, neck sprain, and head injury. Ms. Riker's tentative return to work date was April 18, 2017. Ms. Riker returned to Dr. Young on April 13, 2017, with burning pain in her neck and lower back. She also had tingling in the right foot and shooting pain in the left leg. The diagnoses remained the same, and Dr. Young stated that she would remain off of work until April 24, 2017.

The claim was held compensable for neck and low back sprains on April 20, 2017. On May 3, 2017, the claims administrator authorized physical therapy for four weeks as well as a pelvic CT scan. A lumbar MRI was authorized on May 22, 2017. The MRI showed degenerative changes in the lumbar spine. In a May 24, 2017, attending physician's report, Dr. Young stated that Ms. Riker was temporarily and totally disabled from April 11, 2017, through June 22, 2017. Dr. Young completed another attending physician's report on June 14, 2017. He stated that Ms. Riker was temporarily and totally disabled from April 10, 2017, through July 17, 2017. Physical therapy was authorized on June 9, 2017.

In a June 26, 2017, treatment note, Dr. Young stated that Ms. Riker reported moderate pain in her lower back with radiation into the left leg. He assessed back contusion, lumbar sprain, neck sprain, and head injury. Physical therapy was terminated as it was not proving helpful. Dr. Young recommended she see a neurosurgeon. Ms. Riker was to remain off of work until August 28, 2017. The claims administrator authorized a neurosurgical referral on July 10, 2017.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on July 25, 2017, in which he found that Dr. Young had released Ms. Riker to return to work with restrictions, but the employer could not offer modified duty. Dr. Mukkamala found that Ms. Riker had reached maximum medical improvement for her compensable injuries.

In an August 7, 2017, treatment note, Dr. Young disagreed with Dr. Mukkamala's finding that Ms. Riker had reached maximum medical improvement because she still required further treatment. He recommended the claim remain open for temporary total disability until such time that her symptoms could be effectively reduced. Ms. Riker was to remain off of work until November 7, 2017. The claims administrator closed the claim for temporary total disability benefits on August 8, 2017.

In a September 6, 2017, neurosurgical consultation, Jan Muizelaar, M.D., found that Ms. Riker suffered from low back and bilateral leg pain. She recommended an EMG and physical therapy. On September 18, 2017, Dr. Young recommended authorization of an EMG and a TENS unit. Dr. Young stated that if Ms. Riker does not require surgery, then pain management would be necessary. Ms. Riker was to remain off of work until December 18, 2017.

Rebecca Thaxton, M.D., performed a record review on September 18, 2017, in which she opined that the requested medical treatment in the form of an EMG, physical therapy, and inversion table therapy should not be authorized. On October 4, 2017, the claims administrator authorized a TENS unit. Syam Stoll, M.D., performed a record review on October 8, 2017, in which he opined

that the claim should not be reopened for temporary total disability benefits and pain management should not be authorized. Dr. Still stated that the compensable injuries are soft tissue injuries that do not cause permanent injury, as evidenced by the imaging studies that showed no acute injuries.

On October 20, 2017, the claims administrator authorized an EMG/NCV. It denied a reopening of the claim for temporary total disability benefits on November 13, 2017. The claims administrator denied a request for pain management on November 20, 2017. The StreetSelect Grievance Board determined that pain management should be denied based on Dr. Mukkamala's finding of maximum medical improvement and Dr. Stoll's finding that Ms. Riker's ongoing symptoms are the result of preexisting spondylosis.

On November 22, 2017, Dr. Muizelaar treated Ms. Riker and noted that her main complaint was pain in the lower back and legs. It was noted that an EMG was normal while an MRI showed minimal stenosis at L3-4 but was otherwise normal. Dr. Muizelaar concluded that Ms. Riker did not require surgery and would benefit from pain management. On July 24, 2018, Ms. Riker testified in a deposition that she had no prior problems with her lower back or legs.

The Office of Judges affirmed the claims administrator's closure of the claim for temporary total disability benefits in its July 12, 2018, Order. It found that the claim was closed for temporary total disability benefits on August 8, 2017, and in order for the claim to be reopened, Ms. Riker must show an aggravation or progression of her compensable injury or facts not previously considered that would entitle her to greater benefits. The Office of Judges concluded that Ms. Riker failed to show evidence which would justify reopening the claim. The claims administrator authorized a TENS unit, an EMG/NCV, and a brace. The Office of Judges found that authorization for the TENS unit was based upon Ms. Riker's work-related pain; however, she has suffered such symptoms since the injury occurred. Therefore, the authorization for a TENS unit does not show a progression of her condition. There was no evidence as to why the brace was requested, and the EMG/NCV studies showed normal results. The Office of Judges further determined that no condition, such as chronic pain or radiculitis, have been added to the claim. Therefore, the denial of a reopening of the claim for temporary total disability was affirmed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 27, 2018.

After review, we agree with the conclusions of the Office of Judges as affirmed by the Board of Review. The claim was closed for temporary total disability benefits on August 8, 2017. Ms. Riker protested the decision and the closure was affirmed by the Office of Judges, Board of Review, and this Court. In the case at issue, Ms. Riker has presented no additional evidence that was not previously considered. Therefore, a progression/aggravation has not been shown, nor has she presented evidence of facts not previously considered that would entitle her to greater benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

3

Affirmed.

**ISSUED: December 6, 2019**


**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4